IN THE CIRCUIT COURT OF SHELBY COUNTY TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| Gloria Jenkins | Plaintiff |
| vs. | NO. CT-0161-22 |
| | DIVISION III |
| | JURY DEMANDED |
| Garrett A. Goins | |
| and Southern Pipe & Supply Company, Inc. | Defendants |

FILED JAN 18 2022 CIRCUIT COURT CLERK BY ____ D.C.

## COMPLAINT

COMES NOW the Plaintiff, GLORIA JENKINS by and through her attorney, PICKFORD LAW, PLLC and files this Complaint for this cause of action against the Defendants, GARRETT A. GOINS and SOUTHERN PIPE & SUPPLY COMPANY, INC. and would state as follows, to wit:

### JURISDICTION AND VENUE

1.  That the Plaintiff, Gloria Jenkins (hereinafter "Jenkins") (hereinafter "Plaintiff") is an adult resident of Marion, Crittenden County, Arkansas.

2.  The Defendant, Garrett A. Goins (hereinafter "Defendant Goins"), upon information and belief, is a resident of Cherry Valley, Cross County, Arkansas and may be reached for service of process at 425 County Road 300, Cherry Valley, AR 72324.

3.  The Defendant, Southern Pipe & Supply Company, Inc. (hereinafter "Defendant Southern Pipe"), upon information and belief, is either a corporation authorized to do business in the State of Tennessee or a foreign corporation or domesticated and thus authorized to do business in the State of Tennessee with a

1

principal place of business located at 1209 N Orange St, Wilmington, Delaware 19801-1120. Its registered agent for process of service is C T Corporation System, 300 Montvue Rd., Knoxville, TN 37919-5546.

3. Plaintiff's cause of action arises in and out of acts and/or omissions as a result of injuries and damages sustained due to the negligent operation of a motor vehicle in Memphis, Shelby County, Tennessee on Highway I-240, 5 feet East of Millbranch Road, by the Defendant, Garrett A. Goins and within this honorable Court's jurisdiction.

4. This Court has jurisdiction over this action pursuant to *inter alia,* Tenn. Code Ann. § 16-10-101.

5. Venue is proper in this Court pursuant to *inter alia,* Tenn. Code Ann. § 20-4-101, because all or part of this cause of action arose within Shelby County, Tennessee.

## FACTS

6. On or about January 29, 2021, at approximately 1:00 p.m., Plaintiff, Gloria Jenkins, was driving a 2017 Chevrolet Cruze in the far-left lane going eastbound on Highway I-240 in Memphis, Shelby County, Tennessee.

7. On the same date at approximately the same time, Defendant, Garrett Goins, was driving and operating a company owned 2020 Ford F350, traveling eastbound in the center lane of Highway I-240 in Memphis, Shelby County, Tennessee.

8. An 80-pound box from Defendant Goins' vehicle fell off his vehicle as he was driving.

9. Plaintiff, Gloria Jenkins' car violently swerved when the 80-pound box hit her vehicle.

10. Defendant Goins' box struck the Plaintiff's vehicle on the passenger's side near the front of the vehicle.

11. The impact resulted in a serious personal injury to Plaintiff, Gloria Jenkins.

12. The Defendant, Garrett Goins acted negligently by, inter alia, failing to properly secure the load being transported by his vehicle on Highway I-240 in Memphis, Shelby County, Tennessee, which is the direct and proximate cause of the collision, then and thereby, seriously, and painfully causing injuries to Plaintiff, Gloria Jenkins.

13. At all times relevant hereto, Plaintiff was exercising care and caution for her own safety and the safety of others. As a direct and proximate result of Defendant's negligence, Plaintiff suffered loss of enjoyment of life, personal injuries and damages.

## COUNT I- NEGLIGENCE

14. Plaintiff charges and alleges that the Defendant, Garrett Goins, was guilty of the following acts of common law negligence, each and every one of which were a direct and proximate cause of the Plaintiff's respective injuries and damages, to wit:

   a. Failure to exercise that degree of care and caution required of a reasonable and prudent person under the same or similar circumstances.

   b. Failure to maintain proper control of the vehicle's load.

   c. Failure to avoid the occurrence of the collision when the Defendant knew or, in the exercise of ordinary reasonable care, should have known that failure to maintain proper control of the load being carried by his vehicle, would result in this collision with vehicle of the Plaintiffs causing injuries and damages to the Plaintiffs.

   d. Negligently failing to exercise ordinary and reasonable care to avoid said load from causing injury.

15. Plaintiff charges and allege that Defendant Goins' acts and/or admissions created an unreasonably dangerous condition which constituted gross negligence and, as a proximate result, Plaintiff, suffered personal injuries and damages.

16. Plaintiff charges and alleges that the events causing the Plaintiff's injuries are of the kind which does not ordinarily occur in the absence of negligence.

17. Plaintiff charges and allege that one, some, or all the aforesaid common-law acts and/or omissions were the direct and proximate cause of Plaintiff's resulting injuries and damages, to be, hereinafter, set out with more particularity.

18. Plaintiff further charge and allege that at the time of the collision in question, the following Statutes of the State of Tennessee were in full force and effect and were violated by the Defendant Goins and each and every such act constituting a direct and a proximate cause or direct contributing proximate cause of the injuries and damages, to wit:

### STATUTES OF THE STATE OF TENNESSEE

(a) **Section 55-7-109**      **Loose material hauled in open truck bed**

(b) **Section 55-8-103**      **Required Obedience to Traffic Laws;**

(c) **Section 55-8-123**      **Driving on roadways laned for traffic;**

(d) **Section 55-8-136**      **Drivers to exercise due care; and**

19. Plaintiff further charges and alleges that the Defendant's aforesaid acts of common law negligence and violations of the Statutes of the State of Tennessee constitute negligence per se in that the Plaintiff was among the class sought to be protected by the legislation and that said negligence per se is a direct and proximate cause of the collision at issue.

20. Defendant's acts caused injuries and damages to Plaintiff. Plaintiff received serious, painful, and permanent injuries requiring medical attention and treatment, and she incurred doctor and medical bills in an effort to relieve the pain, suffering, and discomfort and to treat said injuries. Plaintiff submits that all doctor and medical bills so incurred were reasonable and necessary for the treatment of the injuries, and that Plaintiff will in the future require future medical treatment and will incur medical bills in an effort to relieve pain, suffering, discomfort and to treat said injuries.

21. Plaintiffs reserve the right to Amend this Complaint pursuant to the Tennessee Rules of Civil Procedure.

## COUNT II -NEGLIGENCE OF POCESS AND POWER, INC.

22. At all times material hereto, Defendant Goins was an employee or agent of Defendant Southern Pipe & Supply Company, Inc.

23. At all times material hereto, Defendant Goins was acting within the course and scope of his employment or agency with Defendant Southern Pipe.

24. Defendant Southern Pipe is liable for the negligent actions and omissions of Defendant Goins, as set forth more fully *supra*, pursuant to the doctrine of *respondeat superior*.

25. At all times material hereto, Defendant Goins was operating a commercial motor vehicle owned by Defendant Southern Pipe.

26. Defendant Southern Pipe owed a duty to ensure that its drivers operate their equipment in a safe and lawful manner and the actions of Defendant Goins in this matter evidence a lack of training, supervision or oversight by Southern Pipe in

5

exercising its duty to other motorists on the road to ensure Southern Pipe's drivers are operating its equipment in a safe a lawful manner.

27. At all times material hereto, Defendant Goins was operating a commercial motor vehicle as the statutory employee of Defendant Southern Pipe.

28. Plaintiff charges and alleges that Defendant Southern Pipe negligently entrusted the use of a vehicle either owned by Southern Pipe Company, Inc. or in the possession and control of Southern Pipe to Defendant Goins. Upon information and belief, Defendant, Southern Pipe, knew or, in the exercise of due diligence, should have known Defendant Goins, possessed a propensity to drive in an illegal, unlawful, negligent and/or reckless manner; therefore, Defendant Southern Pipe is liable to Plaintiff for all damages proximately caused by Defendant Goins', acts of negligence and negligence per se.

29. Defendant Southern Pipe is also liable for any violation of state or federal regulations governing the hiring, retention, training, oversight, log maintenance or other duties imputed to it by such laws that may be revealed through further discovery in this matter.

30. Defendant Southern Pipe is also liable for negligent or intentional failure on its part to maintain its equipment in a safe and lawful condition for operation on the roads.

31. As a direct and proximate result of the negligence of Southern Pipe in the ensuing collision, Plaintiff Gloria Jenkins sustained physical and emotional injuries and pain and suffering.

32. As a direct and proximate cause of the negligence of Defendant Southern Pipe, Plaintiff Jenkins incurred medical expense and economic losses.

33. Defendant Southern Pipe is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff Jenkins.

## INJURIES AND DAMAGES

34. As a direct and proximate result of Defendants' negligence, Plaintiff, Gloria Jenkins, suffered serious, painful and permanent injuries, including, but not limited to the following:

   a. Injuries to her neck and lower back;

   b. Great physical pain, past and future;

   c. Great psychological and emotional suffering, past and future;

   d. Loss of enjoyment of life, past and future; and

   e. Other injuries and damages.

35. Plaintiff charges and alleges that as a direct and proximate result of the negligence on the part of the Defendant, the Plaintiff, Gloria Jenkins, received serious and painful injuries requiring medical attention and treatment and that they incurred doctor and medical bills in an effort to relieve the pain, suffering and discomfort and to treat said injuries.

36. That all doctor and medical bills so incurred were reasonable and necessary for the treatment of the injuries.

37. The Plaintiff has satisfied the requirements of Tenn. Code Ann. § 56-7-1201(e).

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully pray:

7

1. That proper process issue against the Defendants requiring them to plead and answer.

2. That Plaintiff, Gloria Jenkins, be awarded a judgment against the Defendants in the amount that truth dictates and justice demands, for actual and compensatory damages, in an amount of One Hundred Thousand Dollars and Zero Cents ($100,000.00).

3. That Plaintiff be granted other relief, general or specific, this Court deem equitable and just.

4. That the cost of this action be awarded to the Plaintiff.

5. That Plaintiff demand a jury to try these issues when joined.

6. That Plaintiff reserve the right to amend these pleadings to conform to the facts of this matter.

Respectfully Submitted,

PICKFORD LAW, PLLC

_____
SHALONDRA PICKFORD (BPR 032308)
JAYNIECE HARRIS (BPR 033860)
Attorneys for Plaintiff
P.O. Box 1293
Memphis, TN 38104
901-424-1920
901-881-2993 – fax
shalondra@pickfordlawfirm.com
jayniece@pickfordlawfirm.com